

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

September 13, 2023

**Via ECF**
The Honorable District Judge Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Garcia v. Il Postino, Inc., et al.**
     **23-CV-4053 (RA)(RWL)**

Dear Judge Abrams

Our office represents Julio Tellez Garcia ("Plaintiff") and we submit this motion jointly with counsel for Il Postino, Inc. and Luigi Russo (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following a Court-annexed mediation held on August 21, 2023.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

**I.      The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

   a.  **The Settlement Amount**

The parties agreed to resolve all claims asserted in this action, including Plaintiff's counsel's attorneys' fees, which are addressed below, for the global amount of $22,500.00.

   b.  **Plaintiff's Position**

Plaintiff commenced this lawsuit alleging that he was not paid proper overtime rates of pay in violation of the Fair Labor Standards Act (FLSA) and New York Labor Laws (NYLL).

Plaintiff alleged that Defendants employed him as a cook at their restaurant, Il Postino, located at 133 East 61st Street, New York, New York 10065.

Although Plaintiff was employed by Defendants for various time periods, Plaintiff's claims in this action pertained to his employment by Defendants from in or around October 2022 until in or around January 2023. During this approximately four-month period, Plaintiff alleged he was improperly compensated on a flat salary basis despite the fact that he worked approximately sixty-three (63) hours per week. As such, Plaintiff alleged that he was not compensated for approximately twenty-three (23) hours of overtime per week during this period.

Based on the above, Plaintiff alleged he was owed approximately $25,000.00 in unpaid wages.

The parties had bona fide factual disputes over the number of days and hours worked by Plaintiff, which were discussed in detail at the parties' mediation. Although Plaintiff was confident that he could recover all alleged amounts owed, his preference was for a guaranteed outcome early in litigation that would allow him to recover a significant portion of his alleged unpaid wages rather than face the risks, time and expenses associated with continued litigation.

### c. Defendants' Position

It is Defendants' position that Plaintiff is not entitled to any unpaid wages.

With respect to the relevant period of employment, Plaintiff worked from the week ending November 13, 2022, until the week ending March 5, 2023 (i.e. 17 weeks).

Furthermore, Plaintiff did not work six (6) days per week every single week, nor did he work ten and a half (10.5) hours per day, necessitating further reductions of the damage computations. In their defense, Defendants are in possession of relevant records along with several eyewitnesses who worked directly with Plaintiff and are prepared to testify on Defendants' behalf.

With respect to the relevant period of his employment, Plaintiff asserts that he was (a) misclassified as an exempt employee, (b) paid a flat weekly salary, (c) worked sixty-three (63) hours per week, and (d) is also entitled to unpaid spread of hours premiums. Defendants refute these claims. In fact, Plaintiff claims to have worked the same number of hours during all periods of his employment. An analysis of Defendants' records from Plaintiff's first two (2) stints at the restaurant reveals that he worked an average of approximately forty-five (45) hours per week, accounting for lengthy breaks during which no work was performed (i.e. between 3 – 5 p.m. each day). However, upon his return to employment in 2022, Plaintiff worked a shorter schedule of no more than forty (40) hours in any given week, accounting for breaks. Therefore, Plaintiff is not entitled to any additional wages for that period.

Accordingly, there was a strong possibility that Plaintiff would have failed to meet his burden of proof to establish his claims had the litigation continued.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir.

2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $22,500.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and records maintained by Defendants in this matter. The parties had genuine, bona fide disputes over the days and hours worked by Plaintiff, but both sides negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 2 of the Settlement Agreement is appropriately tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

III.     **Distribution to Plaintiff and Requested Attorneys' Fees and Expenses**

   a. **Distribution to Plaintiff**

The parties agreed to a global settlement of $22,500.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiff will recover $14,544.00 after the requested attorneys' fees and expenses.

   b. **Requested Attorneys' Fees and Expenses**

Plaintiff's counsel respectfully requests $685.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $402.00
- the costs of service and attempted service of the Summons and Complaint on all Defendants: $283.00

Additionally, Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($21,815.00), or $7,271.00 in attorneys' fees, as agreed upon in Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $7,956.00.

As such, the settlement funds as broken down into its component parts is as follows:

**Settlement Amount:** $22,500.00
**Attorneys' Expenses:** $685.00
**Net Settlement Amount:** $21,815.00 ($22,500.00 - $685.00)
**Requested Attorneys' Fees:** $7,271.00 ($21,815.00 / 3)
**Total payable to Attorneys:** $7,956.00 ($7,271.00 + $685.00)
**Total payable to Plaintiff:** $14,544.00 ($22,500.00 - $7,956.00)

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

   IV.     **Closing**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel through the Court-annexed mediation program and complies with the

applicable case law under *Cheeks*. As such, we respectfully request that the Court approve the Settlement Agreement and dismiss the action. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

/James O'Donnell/
James O'Donnell, Esq.

District courts assess whether stipulated dismissals settling FLSA claims with prejudice are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 203-04, 206 (2d Cir. 2015); *see also Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (recognizing that district courts must review FLSA settlements for "reasonableness" under *Cheeks*); *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 124 (2d Cir. 2017) ("The rationale of *Cheeks* . . . is assurance of the fairness of a settlement of a claim filed . . . ."). In doing so, courts evaluate the "totality of the circumstances," including but not limited to "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Fisher*, 948 F.3d at 600 (referring to the *Wolinsky* factors examined as part of a district court's review under *Cheeks*).

The Court finds that the settlement is fair and reasonable.

First, the enumerated *Wolinsky* circumstances weigh in favor of such a finding. Although the settlement amount of $22,500.00 is significantly lower than Plaintiff's range of possible recovery, the parties have "genuine, bona fide disputes over the days and hours worked by Plaintiff," and the settlement will enable the parties to avoid the anticipated burdens and expenses of further litigation. Cheeks Letter at 3. The settlement agreement, moreover, is the result of "good faith," "back-and-forth negotiations between experienced counsel through the Court-annexed mediation program." *Id.* at 3-4.

Second, additional circumstances weigh in favor of finding that the settlement is fair and reasonable. The settlement does not require Plaintiff to release all possible claims against Defendants. *See Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) ("In FLSA cases, courts in this District routinely reject release provisions that waive practically any possible claim against the defendants . . . ." (internal quotation marks omitted)). Nor does it contain a confidentiality provision. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022) (noting that *Cheeks* highlighted highly restrictive confidentiality provisions as evidence of the potential for abuse in FLSA settlements).

In addition, the requested attorneys' fees total one third of the settlement amount, minus attorneys' expenses, an amount "routinely approved in this Circuit" in FLSA cases. *Garcia v. YSH Green Corp.*, 2016 WL 6779630, at *3 (S.D.N.Y. Nov. 14, 2016) (approving a contingency fee representing 35 percent of the settlement amount)).

The settlement agreement is thus approved, and the Clerk of Court is respectfully directed to close this case. The Court will retain jurisdiction for the purposes of enforcing the settlement agreement.

SO ORDERED.

_____
Hon. Ronnie Abrams
October 3, 2023

## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **JULIO TELLEZ GARCIA** (hereinafter referred to as "Plaintiff") and **IL POSTINO, INC. and LUIGI RUSSO** (collectively hereinafter referred to as "Defendants"), regarding Plaintiff's employment with Defendants and the settlement of any and all wage-related claims that Plaintiff has or may have against Defendants.

**WHEREAS**, Plaintiff has commenced an action against Defendants in the Southern District of New York, United States District Court, entitled <u>Garcia v. Il Postino, Inc. et al.</u> bearing Docket No.: **23-cv-04053** alleging, *inter alia*, wage and hour violations under the Federal Labor Standards Act and New York Labor Law (hereinafter the "Action");

**WHEREAS,** Defendants deny that they failed to pay Plaintiff all wages owed to him;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiff and specifically deny all claims alleged in the Action;

**WHEREAS,** Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth; and

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees to submit a motion for approval of this Agreement by the Court in which the Action is pending and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims asserted in the Action, including a stipulation of dismissal with prejudice to be filed in the Action (see attached hereto as Exhibit "A").

2. **Limited Release of All FLSA/NYLL Claims by Plaintiff**

    a. Plaintiff, on behalf of himself and each of his successors, assigns, heirs, executors, and administrators, knowingly and voluntarily releases and forever discharges Defendants along with Il Postino, Inc.'s present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors, owners, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities, of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and their associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notices and/or wage statements, which Plaintiff now has or have ever had.

1

b. <u>Collective/Class Action Waiver</u>.  Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on any claim for unpaid wages in which Defendants are a party.  In the event any class or collective action for unpaid wages is brought against Defendants, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff shall immediately withdraw therefrom without obtaining or accepting any relief or recovery.

c. Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

3. **Consideration.**

In exchange for the promises made herein by Plaintiff and subject to the United States District Court for the Southern District of New York's (the "Court") approval of this Agreement, Defendants agrees to the following payment terms:

a. Defendants shall cause Plaintiff to be paid the gross sum of twenty-two thousand and five-hundred dollars ($22,500.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable in three (3) equal installments as follows:

    i. On November 1, 2023 or within fifteen (15) days after Court approval of this Agreement, whichever is later, Defendants shall issue the following portion of the Settlement Funds:

1. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form W-2 shall be issued.

2. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form 1099 shall be issued.

3. One check in the amount of $2,652.00, payable to Helen F. Dalton & Associates, P.C.

    ii. On December 1, 2023 or within forty-five (45) days after Court approval of this Agreement, whichever is later, Defendants shall issue the following portion of the Settlement Funds:

1. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form W-2 shall be issued.

2. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form 1099 shall be issued.

3. One check in the amount of $2,652.00, payable to Helen F. Dalton & Associates, P.C.

   iii. On January 1, 2024 or within seventy-five (75) days after Court approval of this Agreement, whichever is later, Defendants shall issue the following portion of the Settlement Funds:

    1. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form W-2 shall be issued.

    2. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form 1099 shall be issued.

    3. One check in the amount of $2,652.00, payable to Helen F. Dalton & Associates, P.C.

  b. The parties agree that 50% of all monies paid to Plaintiff shall constitute wages, for which an IRS Form W-2 shall be issued and 50% constitute liquidated damages and interest, for which an IRS Form 1099 shall be issued. Plaintiff shall receive from Defendants, and Defendants shall file with the Internal Revenue Service, a Form W-2 and a Form 1099 reflecting payment to Plaintiff of that portion of the Settlement Funds designated as wages or liquidated damages and interest, respectively, which was received by them in the prior calendar year. Plaintiff shall be responsible to pay all Federal, State and local taxes, if any, in connection with that portion of the Settlement Funds designated as liquidated damages which was received by them. Plaintiff's counsel shall provide to Defendants' counsel a current address for Plaintiff for purposes of mailing IRS Forms W-2 and 1099 as described above, along with IRS Form W-4, executed by Plaintiff. If Plaintiff does not provide a social security number or TIN number along with an IRS Form W-4, Defendants shall make automatic back-up withholdings for Plaintiff.

  c. The Settlement Funds shall be provided to Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415.

  d. Defendants shall issue a Form 1099 to Helen F. Dalton & Associates, P.C. for the portion of the Settlement Funds payable as attorney's fees and costs.

4. **<u>Confession of Judgment & Right to Cure</u>**

  a. Upon signing of this settlement agreement, Defendants shall each execute a Confession of Judgment for 200% of any outstanding portion of the Settlement Payment (i.e. forty-five thousand dollars ($45,000.00) if Defendants do not pay any portion of the Settlement Payment). (See attached hereto as Exhibit B), Counsel for the Plaintiff, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 3.

  b. In the event Defendants are in default of any of the payments in Paragraph 3 of this Agreement, Plaintiffs shall provide ten (10) calendar days written notice to Defendants via certified mail and email sent to Matthew A. Brown, Esq. and Richard I. Milman, Esq. of Milman Labuda Law Group PLLC (matt@mllaborlaw.com; rich@mmmlaborlaw.com), 3000 Marcus Ave., Suite 3W8, Lake Success, NY 11042 of the default. If Defendants do not cure the defect

3

within ten (10) calendar days of receipt of the notice then Plaintiffs shall be entitled to file the Confessions of Judgment.

  c. In the event of such a default and entry of Confessions of Judgment occurs as described above, Plaintiff shall be entitled to recover statutory costs and reasonable attorneys' fees incurred in the process of entering and enforcing the judgment.

  d. Should the Confessions of Judgment be entered under this section, Defendants shall be jointly and severally liable for the amount set forth in the Confessions of Judgment.

  e. Upon payment of the entire Settlement Funds outlined in Paragraph 3, Plaintiff shall destroy and/or return the Confessions of Judgment to Defendants' counsel.

5. **Stipulation of Dismissal; Retention of Jurisdiction.** The parties shall file a stipulation of dismissal with prejudice as to all claims brought all Defendants in the Action simultaneously with this Agreement. Notwithstanding Plaintiff's filing of the Stipulation of Dismissal, the parties agree that this Court, the United States District Court, Southern District of New York, will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement until the full Settlement Funds have been received by Plaintiff.

6. **Settlement of Claims.** Except as otherwise stated, upon execution of this Agreement, all claims brought in the Action by Plaintiff against Defendants, including, but not limited to, claims for wages, liquidated damages, statutory penalties and attorneys' fees and without admission that Plaintiff has established that any such claims have any merit or that Plaintiff has incurred any damages, shall be deemed settled, satisfied and resolved.

7. **Non-Admission.** Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendants. This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

8. **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

9. **Covenant not to Sue.** Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against Defendants or any of their parents, subsidiaries or affiliates arising out of or relating to any allegation or claim set forth under the FLSA and/or NYLL (whether Plaintiff's or any other person's) concerning Plaintiff's employment with Defendants or any of their parents, subsidiaries or affiliates, unless directed by court order or subpoena. Plaintiff expressly agrees that he breaches this section, and fails to cure said breach within ten (10) days of receiving notice of breach from Defendants: Plaintiff (1) will be responsible for any attorney's

4

fees incurred by Defendants as a result of said breach; and (2) shall immediately pay back to Defendants all monies paid to him under Paragraph 3 of this this Agreement, only in the event that a Court of competent jurisdiction first determines that a breach of the Agreement has occurred by the Plaintiff. Plaintiff shall not be required to pay back the amount payable to his attorneys as identified in Paragraph 3. The amount payable to Plaintiff's attorneys as identified in Paragraph 3 will not in any way be affected in the event that a Court of competent jurisdiction determines that Plaintiff has breached this Agreement.

10. **No Waiver**.  Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

11. **Section Headings**.  Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12. **Entire Agreement.**

This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA and NYLL that Plaintiff has or may assert against Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

13. **Competence to Waive Claims.**  Plaintiff is competent to affect a knowing and voluntary release of all of his FLSA and NYLL claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement.  Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle his FLSA and NYLL claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff.

14. **Representations.** Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

15. **Attorneys' Fees.** Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation.  Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

5

16. **Oral Modifications Prohibited.** This Agreement represents the entire agreement between Plaintiff and Defendants with respect to Plaintiff's employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

17. **Effective Date.** This Agreement and Release shall become effective immediately upon execution.

18. **Counterparts.** This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

19. **Execution.**

The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Defendants under the FLSA and NYLL. Plaintiff selected his counsel voluntarily;

Plaintiff confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

A signed electronic copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS OUTLINED HEREIN, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NYLL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

PLAINTIFF:

_____
JULIO TELLEZ GARCIA

Date: 9/6/23

**DEFENDANTS:**

**Il POSTINO, INC.**

_____
By: Luigi Russo, Owner

6

16. **Oral Modifications Prohibited.** This Agreement represents the entire agreement between Plaintiff and Defendants with respect to Plaintiff's employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

17. **Effective Date.** This Agreement and Release shall become effective immediately upon execution.

18. **Counterparts.** This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

19. **Execution.**

The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Defendants under the FLSA and NYLL. Plaintiff selected his counsel voluntarily;

Plaintiff confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

A signed electronic copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS OUTLINED HEREIN, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NYLL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

**PLAINTIFF:**

_____
**JULIO TELLEZ GARCIA**

Date:_____

**DEFENDANTS:**

**Il POSTINO, INC.**

_[signature]_
**By: Luigi Russo, Owner**

6

Date:_____

_____
Luigi Russo, as an individual

Date: 9/12/2023

Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JULIO TELLEZ GARCIA, individually and on
behalf of all others similarly situated,

                        Plaintiff,

    -against-

IL POSTINO, INC. and LUIGI RUSSO, as
individual,

                        Defendants.
-------------------------------------------------------------------X

Case No.: 23-cv-04053
(RA)(RWL)

**STIPULATION OF DISMISSAL**

        **IT IS STIPULATED AND AGREED** by and between counsel for the Plaintiff and Defendants, that the above-referenced action shall be dismissed with prejudice and without fees or costs pursuant to Rule 41(a)(2) of the FRCP; and

        **IT IS FURTHER STIPULATED AND AGREED** by and among the undersigned counsel that this Court shall retain jurisdiction for the sole purpose of enforcing the Settlement Agreement; and

        **IT IS FURTHER STIPULATED AND AGREED** by and among the undersigned counsel that facsimile signatures shall be considered original signatures.

| | |
|---|---|
| Dated: Kew Gardens, New York<br>       September _13_, 2023 | Dated: Lake Success, New York<br>       September _12_, 2023 |
| HELEN F. DALTON & ASSOCIATES, P.C. | MILMAN LABUDA LAW GROUP PLLC |
| _/s/ James O'Donnell_<br>James P. O'Donnell, Esq.<br>80-02 Kew Garden Road, Suite 601<br>Key Gardens, NY 11415<br>(718) 263-9591 (office)<br>*Attorneys for Plaintiff* | _/s/ Matthew A. Brown, Esq._<br>Matthew A. Brown, Esq.<br>3000 Marcus Avenue, Suite 3W8<br>Lake Success, NY 11042<br>(516) 328-8899 (office)<br>*Attorneys for Defendants* |

SO ORDERED:

_____
Ronnie Abrams, U.S.D.J.

8

Exhibit "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JULIO TELLEZ GARCIA, individually and on
behalf of all others similarly situated,

    Case No.: 23-cv-04053 (RA)(RWL)

Plaintiff,

-against-

**CONFESSION OF JUDGMENT**

IL POSTINO, INC. and LUIGI RUSSO, as individual,

Defendants.
-----------------------------------------------------------------X

I, LUIGI RUSSO, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, IL POSTINO, INC., in the above action.

2. I reside at _640 Boelsen Dr., Westbury, NY 11590_
(Home Address, City, State, Zip Code)

3. I, as an individual and as an authorized agent of IL POSTINO, INC., hereby confesses judgment in this Court in favor of the Plaintiff for the sum of forty-five thousand dollars ($45,000.00) in this matter, less 200% of any amounts paid in accordance with the amicable resolution of an action between these parties pending in the above-referenced matter (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against LUIGI RUSSO and IL POSTINO, INC..

4. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

    Plaintiff commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that Defendants (as Plaintiff's employer) failed to, *inter alia*, pay proper spread of hours pay along with overtime wages when Plaintiff worked over 40 hours in a particular work week. Defendants denied and continue to deny that Plaintiffs are entitled to any recovery against Defendants. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of twenty-two thousand and five-hundred dollars ($22,500.00) pursuant to the following payment schedule:

9

      i. On November 1, 2023 or within fifteen (15) days after Court approval of this Agreement, whichever is later, Defendants shall issue the following portion of the Settlement Funds:

          1. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form W-2 shall be issued.

          2. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form 1099 shall be issued.

          3. One check in the amount of $2,652.00, payable to Helen F. Dalton & Associates, P.C.

      ii. On December 1, 2023 or within forty-five (45) days after Court approval of this Agreement, whichever is later, Defendants shall issue the following portion of the Settlement Funds:

          1. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form W-2 shall be issued.

          2. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form 1099 shall be issued.

          3. One check in the amount of $2,652.00, payable to Helen F. Dalton & Associates, P.C.

      iii. On January 1, 2024 or within seventy-five (75) days after Court approval of this Agreement, whichever is later, Defendants shall issue the following portion of the Settlement Funds:

          1. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form W-2 shall be issued.

          2. One check in the amount of $2,424.00, payable to Plaintiff, for which a Form 1099 shall be issued.

          3. One check in the amount of $2,652.00, payable to Helen F. Dalton & Associates, P.C.

5. In the event Defendants are in default of any of the above payments, Plaintiffs shall provide ten (10) calendar days written notice to Defendants via certified mail and email sent to Matthew A. Brown, Esq. and Richard I. Milman, Esq. of Milman Labuda Law Group PLLC (matt@mllaborlaw.com;rich@mmmlaborlaw.com), 3000 Marcus Ave., Suite 3W8, Lake Success, NY 11042 of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then Plaintiffs shall be entitled to file the Confessions of Judgment.

6. In the event of such a default and entry of Confessions of Judgment occurs as described above, Plaintiff shall be entitled to recover 200% of the outstanding balance of the settlement amount

owed, statutory costs and reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment. Should the Confessions of Judgment be entered under this section, Defendants shall be jointly and severally liable for the amount set forth in the Confessions of Judgment.

7. This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____
LUIGI RUSSO, as an individual

Date: 9/8/23

Sworn to before me this
__8__ day of __Sept__, 2023

_____
Notary Public

JANET GUSMANOS
Notary Public, State of New York
Reg. No. 01GU6127275
Qualified in Nassau County
Commission Expires [illegible]

_____
LUIGI RUSSO, as an agent authorized to execute on behalf of IL POSTINO, INC.

Date: 9/8/23

Sworn to before me this
__8__ day of __Sept__, 2023

_____
Notary Public

JANET GUSMANOS
Notary Public, State of New York
Reg. No. 01GU6127275
Qualified in Nassau County
Commission Expires [illegible]

11